UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

10 JUN -3 PM 4:16

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JEAN PIERRE PAUL,

                Defendant

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
ARNOLD MURPHY (A Member of the New
York City Police Department, Shield No. 29794
of the 77th Precinct), JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the
Police Officers Assigned to the 77th Precinct on
March 6, 2009 Who Were Engaged in the Arrest
of the Plaintiff),

                Defendants.

**COMPLAINT**

Docket No.

10 = 2556

MAUSKOPF, J.

POLLAK, M.J

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff by his attorney, MATTHEW A. KAUFMAN, ESQ., does state and say for their Complaint, as follows:

<u>JURISDICTION</u>

1.     The jurisdiction of this Court is invoked by Plaintiff pursuant to Title 28 of the United States Code, Sections 1331, 1343(3) & (4) and 1367.

2.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that the claim arose in this District.

<u>JURY DEMAND</u>

3.     Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38 (b).

<u>NATURE OF PROCEEDINGS</u>

4.     This is a proceeding for compensatory and punitive damages owing to the Plaintiff as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly Title 42 of the United States Code, Section 1983.

-1-

## PARTIES

5.    The Plaintiff, Jean Pierre Paul is a resident of the County of Kings, City and State of New York.

6.    The Plaintiff, Jean Pierre Paul, is an African- Haitian .  male, a person of Haitian national descent and a lawful permanent resident of the United States.

7.    A)    Defendant City of New York [hereinafter referred to as "City"] is a Municipal Corporation, duly formed and created pursuant to the laws and statutes of the State of New York.

      B)    At all times material hereto, Defendant City, by its agents, servants and employees, as well as by the New York City Police Department [hereinafter "NYPD"] was responsible for the training and instruction of individuals employed by the NYPD.

      C)    Upon information and belief, Defendant City, by its agents, servants and employees, as well as by and through the NYPD, was responsible for the training and instruction of the individual Defendant Police Officers herein.

8.    Defendant Police Officer Arnold Murphy, at all times material hereto, is a Police Officer in the employ of Defendant CITY's Police Department and assigned shield number 29794 and assigned to the 77th precinct [hereinafter referred to as "Murphy"].

9.    Defendants Police Officers "John Doe Nos. '1' to '10'" (Actual Names Unknown, Members of the New York Police Department, Assigned to the 77th Precinct on March 6, 2009) at all times material, are members of the New York City Police Department on March 6, 2009.

10.   Defendant CITY is responsible, *inter alia*, for the management, administration, conduct and supervision of all personnel employed by the NYPD to protect the safety of the public and the property of the public.

11.   Each and every act of defendants alleged herein were done by defendants, and each of them as individuals, or through their employees, servants and/or agents, under color and authority of the laws, statutes, ordinances, customs and usages of the State of New York and United States of America, and under their offices with the State of New York.

12.   Each and all of the acts of the individual Defendants were done while acting within the scope of their employment by Defendant CITY.

-2-

13.  Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY.

14.  Hereinafter, Defendant Murphy and "John Does Nos. '1' through '10'" may be collectively referred to as the "Defendant Police Officers."

## BACKGROUND

15.  At all times material hereto, the Plaintiff, Jean Pierre Paul 353 Kingsboro Avenue, Brooklyn, New York.

16.  At all times material hereto, at and about 12:15 a.m. on March 6, 2009, Defendant Murphy was a Police Officer employed by the City of New York.

17.  On March 6, 2009 at approximately 12:15 a.m., the Plaintiff, Jean Pierre Paul was a lawfully on the premises where he resided at 353 Kingsboro Avenue, Brooklyn, New York.

18.  On March 6, 2009 at approximately 12:15 a.m., the Plaintiff, Jean Pierre Paul was a lawfully on the stoop to the premises where he resided at 353 Kingsboro Avenue, Brooklyn, New York.

19.  On March 6, 2009, at approximately 12:15 a.m., while the Plaintiff was on the stoop to where he resided at 353 Kingsboro Avenue, in the County of Kings, City and State of New York, Defendant Murphy entered onto the private property of that premises and approached the Plaintiff.

20.  On March 6, 2009, at approximately 12:15 a.m., while the Plaintiff was on the stoop to where he resided at 353 Kingsboro Avenue, in the County of Kings, City and State of New York, Defendant Murphy along with the other Defendant Police Officers physically struck and injured the Plaintiff.

21.  As a result of the aforementioned conduct by the Defendant Police Officers, the Plaintiff was severely injured, sustaining cuts and lacerations and rendered unconscious, requiring medical treatment, including sutures.

22.  In connection with the individual Defendants' unlawful conduct, the Defendants filled-out false police reports and forwarded these false reports to prosecutors in the Kings County District Attorney's Office.

23.  On March 6, 2009, Defendant Murphy signed a Complaint for the Criminal Court of the City of New York, County of Kings [hereinafter referred to as the "COMPLAINT"], a true copy of which is annexed hereto as **Exhibit "A"**.

24.    Defendant Murphy averred by way of the Complaint that the Plaintiff committed with seven (7) crimes and one (1) violations of the New York Penal Law.

25.    Defendant Murphy averred, under penalty of law, that the Plaintiff committed the following crimes of:

A)    Attempted Assault in the Second Degree in violation of New York Penal Law Sections 110 and 120.05 (2);

B)    Attempted Assault in the Second Degree in violation of New York Penal Law Sections 110 and 120.05 (3);

C)    Attempted Tampering with Physical Evidence in violation of New York Penal Law Sections 110 and 215.40 (2);

D)    Obstructing Governmental Administration in violation of New York Penal Law Section 195.05;

E)    Resisting Arrest in violation of New York Penal Law Section 205.30;

F)    Criminal Possession of a Weapon in the Fourth Degree in violation of New York Penal Law Section 265.01 (2); and,

G)    Attempted Assault in the Third Degree in violation of New York Penal Law Sections 110 and 120.00 (1);

26.    Defendant Murphy averred, under penalty of law, that the Plaintiff committed the following violation:

A)    Harassment in the Second Degree in violation of New York Penal Law Section 240.26 (1).

27.    The Complaint was assigned docket number 2009KN018367 by the Criminal Court of the City of New York for the County of Kings.

28.    On March 8, 2009, the Plaintiff was taken before a Judge of the Criminal Court of the City of New York for the County of Kings.

29.    On March 8, 2009, the Plaintiff was taken to AR-3 of the Criminal Court of the City of New York for the County of Kings.

30.    On March 8, 2009, the criminal case was adjourned to March 11, 2009.

-4-

31.   On March 11, 2009, the Plaintiff was taken before a Judge of the Criminal Court of the City of New York for the County of Kings.

32.   On March 11, 2009, the Plaintiff was taken to AP1F of the Criminal Court of the City of New York for the County of Kings.

33.   On March 11, 2009, the Plaintiff was released form custody on his own recognizance by the Criminal Court of the City of New York, County of Kings.

34.   At all times material herein, the Plaintiff did maintain his innocence of the charges against him.

35.   As a result of the foregoing Complaint, the Plaintiff was required to appear on numerous occasions in the Criminal Court of the City of New York for the County of Kings.

36.   As a result of the foregoing Complaint, the Plaintiff was required to defend himself before the Criminal Court of the City of New York for the County of Kings.

37.   That neither reasonable nor probable cause existed for the individual Defendant Police Officers to arrest the Plaintiff.

38.   That neither reasonable nor probable cause existed for the individual Defendant Police Officers to use any force against the Plaintiff.

39.   The individual Defendant Police Officers made statements and allegations against the Plaintiff with actual malice and utter disregard for the truth and the Plaintiff's rights under the Constitutions and laws of the United States and of the State of New York.

40.   The individual Defendant Police Officers made false and untruthful statements and allegations against the Plaintiff because they did not have probable or reasonable cause to believe the Plaintiff guilty of the crimes he was charged.

41.   The individual Defendant Police Officers conduct included, but not limited to the commission and subornation of perjury, to conceal from the Plaintiff and his counsel and from the Trial Court, the fact that the Defendant Police Officers had falsely accused the Plaintiff of the crimes he was charged.

42.   On and about March 17, 2010, the charges in the Complaint were adjourned in contemplation of dismissal.

43.   Upon information and belief, the individual Defendants Police Officers' conduct against the Plaintiff was a mere pretext to provide color to their conduct, including the arrest and use of physical force against the Plaintiff, Jean Pierre Paul.

44.   The Plaintiff, Jean Pierre Paul sustained emotional and physical injury as a direct result of the aforementioned conduct by the defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

45.   Defendant CITY failed to properly train the Defendant Police Officers on proper police procedures, including how to communicate with civilians, how to conduct a stop, search and seizure, conducting warrantless seizures and arrests of individuals, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports as well as to act truthfully and honestly with the general public and not to threaten bodily harm.

46.   Neither reasonable nor probable cause existed for the Defendant Police Officers' conduct towards the Plaintiff herein.

47.   The Defendant Police Officers used excessive force against the Plaintiff, Jean Pierre Paul without justification or cause.

48.   Upon information and belief, these acts were especially committed against the Plaintiffs due to his national origin.

49.   The Plaintiff, Jean Pierre Paul sustained emotional and physical injury as a direct result of the aforementioned conduct by the Defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
#### (Violation of Civil Rights, 42 USC § 1983)

50.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49" with the same force and effect as if herein more fully set forth.

51.   All of the above Defendant Police Officers, by their foregoing acts, intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of the State of New York, to deprive the Plaintiff, Jean Pierre Paul of his rights, privileges and immunities secured to him by the Constitutions and laws of the United States and New York.

52.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

-6-

53.     All of the aforementioned acts deprived the Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     The acts complained of deprived the Plaintiff of his rights:

     A)     Not to have excessive force imposed upon him;
     B)     Not to have summary punishment imposed upon him;
     C)     Not to be charged with false and inaccurate charges;
     D)     To receive equal protection under the law.

58.     The foregoing violations of the Plaintiff's Constitutional rights were undertaken under color of law, statutes, regulations and Constitution of the State of New York.

59.     As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Excessive Force)

60.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49" and "51" to "59" with the same force and effect as if herein more fully set forth.

61.     The level of force employed by defendants was objectively unreasonable and in violation of the Plaintiff, Jean Pierre Paul's constitutional rights.

62. As a result of the foregoing, the Plaintiff, Jean Pierre Paul suffered significant bodily injuries, including but not limited to, a cut requiring sutures to the back of his head, lacerations and bruises to his arms and shoulders, bleeding, swelling, and discoloration as well as a deprivation of liberty, invasion of privacy, severe emotional distress, public humiliation and violation of his constitutional rights.

63. As a result of the foregoing conduct by Defendants herein, the Plaintiff Jean Pierre Paul has been damaged in an amount to be determined by this Court.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
**(False Arrest)**

64. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59" and "61" to "63" with the same force and effect as if herein more fully set forth.

65. As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the individual Defendant Police Officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

66. As a result of the foregoing, the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
**(Unlawful Search)**

67. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63" and "65" to "66" with the same force and effect as if herein more fully set forth.

68. As a result of the foregoing, the Plaintiff was subjected to an illegal and improper search.

69. The foregoing unlawful search violated the Plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 6 of the New York Constitution.

70. As a result of the foregoing, the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
(Constitutional Malicious Prosecution)

71.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66" and "68" to "70" with the same force and effect as if herein more fully set forth.

72.   The individual Defendant Police Officers misrepresented and falsified evidence before the District Attorney.

73.   The individual Defendant Police Officers did not make a complete and full statement of facts to the District Attorney.

74.   The individual Defendant Police Officers withheld exculpatory evidence from the District Attorney.

75.   The individual Defendant Police Officers were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

76.   The individual Defendant Police Officers lacked probable cause to initiate criminal proceedings against the Plaintiff.

77.   The individual Defendant Police Officers acted with  malice in initiating criminal proceedings against the Plaintiff.

78.   The individual Defendant Police Officers were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

79.   The individual Defendant Police Officers lacked probable cause to continue criminal proceedings against the Plaintiff.

80.   The individual Defendant Police Officers acted with  malice in continuing criminal proceedings against the Plaintiff.

81.   The individual Defendant Police Officers misrepresented and falsified evidence throughout all phases of the criminal proceedings.

82.   Notwithstanding Defendants' perjurious and fraudulent conduct, the criminal proceedings were terminated on March 17, 2010 when the case was adjourned in contemplation of dismissal.

83.   As a result of the foregoing, the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF
### (Constitutional Abuse of Process)

84.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70" and "72" to "83" with the same force and effect as if herein more fully set forth.

85.    The individual Defendant Police Officers issued legal process to place the Plaintiff under arrest.

86.    The individual Defendant Police Officers arrested the Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

87.    The individual Defendant Police Officers acted with intent to do harm to the Plaintiff, without excuse or justification.

88.    As a result of the foregoing, the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial.

## PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
### (Municipal Liability)

89.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83" and "85" to "88" with the same force and effect as if herein more fully set forth.

90.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

91.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD all under the supervision of ranking officers of said department.

92.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

93.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged herein.

94.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by the Plaintiff, as alleged herein.

95.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and NYPD, the Plaintiff, was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

96.    The individual Defendant Police Officers, collectively and individually, while acting under color of State law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

97.    The individual Defendant Police Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate Police Officers, and were directly responsible for the violation of the Plaintiff's constitutional rights.

98.    All of the foregoing acts by the individual Defendant Police Officers deprived the Plaintiff, of federally protected rights, including, but not limited to, the right:

    A)    Not to have excessive force imposed upon him;
    B)    Not to have summary punishment imposed upon him; and,
    C)    To receive equal protection under the law.

99.    As a result of the foregoing, the Plaintiff, sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and is entitled to compensatory and punitive damages in an amount to be determined by trial.

## PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
### (Conspiracy to Violate Civil Rights)

100.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88" and "90" to "99" with the same force and effect as if herein more fully set forth.

101.    The individual Defendant Police Officers conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of the Plaintiff.

102.    Throughout the period of the conspiracy, the individual Defendant Police Officers, pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause.

-11-

103.    Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of the Plaintiff; (a) manufactured false evidence; (b) failed to correct such false statements and testimony; and (c) withheld from the trial judge evidence favorable to the accused on the issue of guilt or innocence.

104.    The aforesaid conduct of defendants operated to deprive the Plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

A)      Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution;

B)      Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

C)      Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally bribed or influenced for their testimony; and,

D)      To timely disclosure of all evidence favorable to the defense on the issues of guilt or innocence and/or punishment, pursuant to the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, and to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

105.    The foregoing violations of the Plaintiff's constitutional rights by The individual Defendant Police Officers directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

106.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by at trial.

## PLAINTIFF'S NINTH CLAIM FOR RELIEF
### (Supplemental State Claims of Assault & Battery)

107.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99" and "101" to "106" with the same force and effect as if herein more fully set forth.

108.    Prior to the commencement of this action, the Plaintiffs have has complied with all conditions precedent necessary to the maintaining of this suit, to wit:

-12-

A)      On May 28, 2009, the Plaintiffs served a Notice of Claim upon Defendant City in full compliance with Section 50-e of the General Municipal Law, **Exhibit "B"**;

B)      Prior to the commencement of this action, at least 30 days have elapsed since service of said Notice of Claim on Defendant City, and adjustment or payment thereof has been neglected and/or refused; and,

C)      This action is timely commenced within One year and 90 days of the happening of the events upon which the claim is based pursuant to N.Y. General Municipal Law § 50-I and General Construction Law § 25-a (1);

109.    This action falls within one or more of the exceptions as outlined in N.Y.C.P.L.R. § 1602.

110.    The individual Defendant Police Officers' aforementioned actions placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

111.    As a result of the individual Defendant Police Officers' conduct, the Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

112.    The individual Defendant Police Officers touched the Plaintiff, in a harmful and offensive manner.

113.    The individual Defendant Police Officers did so without privilege or consent from the Plaintiff.

114.    As a result of the foregoing, the Plaintiff, sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

115.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by the Court.

## PLAINTIFF'S TENTH CLAIM FOR RELIEF
### (Supplemental State Claim of False Arrest)

116.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99", "101" to "106" and "108" to "115" with the same force and effect as if herein more fully set forth.

117.   The individual Defendant Police Officers arrested the Plaintiff in the absence of probable cause and without a warrant.

118.   As a result of the aforesaid conduct by the individual Defendant Police Officers, the Plaintiff was subjected to an illegal, improper and false arrest by the individual Defendant Police Officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

119.   The aforesaid actions by the individual Defendant Police Officers constituted a deprivation of the Plaintiff's rights.

120.   As a result of the foregoing, the Plaintiff sustained plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

121.   As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by the Court.

## PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF
### (Supplemental State Claims of False Imprisonment)

122.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99", "101" to "106", "108" to "115" and "117" to "121" with the same force and effect as if herein more fully set forth.

123.   As a result of the foregoing, the Plaintiff, was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

124.   Plaintiff was conscious of said confinement and did not consent to same.

125.   The confinement of the Plaintiff was without probable cause and was not otherwise privileged.

126.   As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

127.   As a result of the foregoing, plaintiff sustained plaintiff sustained, <u>inter alia</u>, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

128.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by the Court.

## PLAINTIFF'S TWELFTH CLAIM FOR RELIEF
### (Supplemental State Claim of Malicious Prosecution)

129.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99", "101" to "106", "108" to "115", "117" to "121" and "123" to "128" with the same force and effect as if herein more fully set forth.

130.    On March 6, 2009, Defendants Murphy commenced a criminal proceeding against the Plaintiff.

131.    Defendants Murphy lacked probable cause to commence said criminal proceeding against the Plaintiff.

132.    Defendants Murphy was motivated by actual malice in commencing said criminal proceeding against the Plaintiff.

133.    On March 17, 2010, the criminal prosecution against the Plaintiff, was adjourned in contemplation of dismissal.

134.    As a result of the aforementioned conduct, the Plaintiff, suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

135.    As a result of the foregoing, the Plaintiff, sustained *inter alia,* physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

136.    As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined by the Court.

## PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF
### (Supplemental State Claim of Intentional Infliction of Emotional Distress)

137.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99", "101" to "106", "108" to "115", "117" to "121", "123" to "128" and "130" to "136" with the same force and effect as if herein more fully set forth.

138.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

139. The aforementioned conduct was committed by defendants while acting within the scope of their employment by Defendant CITY.

140. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by Defendant CITY.

141. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to the Plaintiff.

142. As a result of the aforementioned conduct, the Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

143. As a result of the foregoing, the Plaintiff sustained *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

144. As a result of the foregoing, the Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at Trial.

### PLAINTIFF'S FOURTEENTH CLAIM FOR RELIEF
**(Supplemental State Claim of Negligent Hiring/Training/Supervision/Retention)**

145. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "49", "51" to "59", "61" to "63", "65" to "66". "68" to "70", "72" to "83", to "88", "90" to "99", "101" to "106", "108" to "115", "117" to "121", "123" to "128", "130" to "136" and "138" to "144" with the same force and effect as if herein more fully set forth.

146. Defendant CITY selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the individual Defendant Police Officers named above.

147. Defendant CITY was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department. including the individual Defendant Police Officers named above.

148. Due to the negligence of the defendants as set forth above, the Plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom and is entitled to compensatory damages in an amount to be determined at Trial.

-16-

WHEREFORE, Plaintiff respectfully prays this Court for a judgment as follows:

A)     TEN MILLION ($10,000,000.00) DOLLARS on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for Relief as compensatory damages as against the Police Officer Defendants Murphy and John Doe Nos. "1" through "10" and the City of New York, jointly and severally on behalf of the Plaintiff;

B)     ONE MILLION ($1,000,000.00) DOLLARS on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for Relief as punitive damages against Police Officer Defendants Murphy and John Doe Nos. "1" through "10", jointly and severally on behalf of the Plaintiff;

C)     Reasonable attorneys fees pursuant to 42 U.S.C. § 1988 in an amount to be determined by this Court;

as well as costs, fees disbursements.

Dated: New York, N.Y.
      June 3, 2010

Yours, etc.,

MATTHEW A. KAUFMAN, ESQ.

By:    Matthew A. Kaufman
Attorney for Plaintiff
225 Broadway - Suite 1606
New York, N.Y. 10007
Tel. No. (212) 619-2200
My File No.   13,326.301

# EXHIBIT "A"

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK



v

JEAN P PAUL

STATE OF NEW YORK
COUNTY OF KINGS

2009KN018367

POLICE OFFICER ARNOLD B MURPHY SHIELD NO.29794, OF 077 COMMAND SAYS THAT ON OR ABOUT MARCH 06,2009 AT APPROXIMATELY 12:15 AM AT 353 KINGSBOROUGH 3 WAL: COUNTY OF KINGS, STATE OF NEW YORK.

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

| PL 110/120.05(2) | ATTEMPTED ASSAULT IN THE SECOND DEGREE (DQO) |
| PL 110/120.05(3) | ATTEMPTED ASSAULT IN THE SECOND DEGREE (DQO) |
| PL 110/215.40(2) | ATTEMPTED TAMPERING WITH PHYSICAL EVIDENCE |
| PL 195.05 | OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE |
| PL 205.30 | RESISTING ARREST |
| PL 265.01(2) | CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE |
| PL 110/120.00(1) | ATTEMPTED ASSAULT IN THE THIRD DEGREE (DQO) |
| PL 240.26(1) | HARASSMENT IN THE SECOND DEGREE |

THE PEOPLE OF THE STATE O
IN THAT THE DEFENDANT DID:

WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, ATTEMPT TO CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, ATTEMPTED TO CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT; WITH INTENT TO PREVENT A PEACE OFFICER, POLICE OFFICER, A FIREFIGHTER, INCLUDING A FIREFIGHTER ACTING AS A PARAMEDIC OR EMERGENCY MEDICAL TECHNICIAN ADMINISTERING FIRST AI; IN THE COURSE OF PERFORMANCE OF DUTY AS SUCH FIREFIGHTER, AN EMERGENCY MEDICAL SERVICE PARAMEDIC OR EMERGENCY MEDICAL SERVICE TECHNICIAN, OR MEDICAL OR RELATED PERSONNEL IN A HOSPITAL EMERGENCY DEPARTMENT, A CITY MARSHAL, TRAFFIC ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT AGENT FROM PERFORMING A LAWFUL DUTY, BY MEANS INCLUDING RELEASING OR FAILING TO CONTROL AN ANIMAL UNDER CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT THE ANIMAL OBSTRUCT THE LAWFUL ACTIVITY OF SUCH PEACE OFFICER, POLICE OFFICER, FIREFIGHTER, PARAMEDIC, TECHNICIAN, CITY MARSHAL, TRAFFIC ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT AGENT, HE OR SHE CAUSED PHYSICAL INJURY TO SUCH PEACE OFFICER, POLICE OFFICER, FIREFIGHTER, PARAMEDIC, TECHNICIAN OR MEDICAL OR RELATED PERSONNEL IN A HOSPITAL OR EMERGENCY DEPARTMENT, CITY MARSHAL, TRAFFIC ENFORCEMENT OFFICER OR TRAFFIC ENFORCEMENT AGENT; INTENTIONALLY OBSTRUCT, IMPAIR OR PERVERT THE ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENT OR ATTEMPT TO PREVENT A PUBLIC SERVANT FROM PERFORMING AN OFFICIAL FUNCTION, BY MEANS OF INTIMIDATION, PHYSICAL FORCE OR INTERFERENCE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT, OR BY MEANS OF INTERFERING, WHETHER OR NOT PHYSICAL FORCE IS INVOLVED, WITH RADIO, TELEPHONE, TELEVISION OR OTHER TELECOMMUNICATIONS SYSTEMS OWNED OR OPERATED BY THE STATE, OR A COUNTY, CITY, TOWN, VILLAGE, FIRE DISTRICT OR EMERGENCY MEDICAL SERVICE; INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON; BELIEVING THAT CERTAIN PHYSICAL EVIDENCE IS ABOUT TO BE PRODUCED OR USED IN AN OFFICIAL PROCEEDING OR A PROSPECTIVE OFFICIAL PROCEEDING, AND INTENDING TO PREVENT SUCH PRODUCTION OR USE, SUPPRESS IT BY ANY ACT OF CONCEALMENT, ALTERATION OR DESTRUCTION, OR BY EMPLOYING FORCE, INTIMIDATION OR DECEPTION AGAINST ANY PERSON; WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON, STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPT OR THREATEN TO DO THE SAME; POSSESS ANY DAGGER, DANGEROUS KNIFE, DIRK, RAZOR, STILETTO, IMITATION PISTOL, OR ANY OTHER DANGEROUS OR DEADLY INSTRUMENT OR WEAPON WITH INTENT TO USE THE SAME UNLAWFULLY AGAINST ANOTHER.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:
PHYSICAL INJURY TO

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, WHICH WAS PUBLIC, THE DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF WHAT APPEARED TO BE A ZIPLOCK BAG OF CRACK COCAINE THAT WAS VISIBLE TO PASSERS-BY AND THAT WHEN THE DEPONENT APPROACHED THE DEFENDANT THE DEFENDANT SWUNG THE DEFENDANT'S CRUTCH AT THE DEPONENT AND PLACED SAID ZIPLOCK BAG OF WHAT APPEARED TO BE CRACK COCAINE INTO OR INTERFERENCE, OR BY ME
INTERFERING, WHETHER OR N
TELEVISION OR OTHER TELEC
3/6/2009 11:41:26 AM TOWN
INTENTIONALLY PREVENT OR
FROM EFFECTING AN AUTHOR

Continued from Previous Page (P2) JEAN P PAUL

THE DEFENDANT'S MOUTH AND SWALLOWED SAID ZIPLOCK BAG OF WHAT APPEARED TO BE CRACK COCAINE.

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF CRACK COCAINE, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF CRACK COCAINE, HAS PREVIOUSLY SEIZED CRACK COCAINE, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER, IS FAMILIAR WITH COMMON METHODS OF PACKAGING CRACK COCAINE AND THE ZIPLOCK BAG USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE APPEARED TO BE CRACK COCAINE.

DEPONENT FURTHER STATES THAT WHEN THE DEPONENT ATTEMPTED TO LAWFULLY ARREST THE DEFENDANT THE DEFENDANT FLAILED THE DEFENDANT'S ARMS, HELD THE DEFENDANT'S ARMS AGAINST THE DEFENDANT'S BODY AND REFUSED TO BE HANDCUFFED.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

03-06-09
DATE                    SIGNATURE

3/6/2009 12:41:26 PM

# EXHIBIT "B"

THE CITY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**In the Matter of the Claim of**
JEAN PIERRE PAUL,

                    Claimant,                  **VERIFIED NOTICE**
                                                       **OF CLAIM**

          -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER ARNOLD
MURPHY (A Member of the New York City Police
Department, Shield No. 29794 of the 77th Precinct), JOHN DOES
Nos. "1" to "10" (Actual Names Unknown, intended to be the
Police Officers Assigned to the 77th Precinct on March 6, 2009 Who
Were Engaged in the Arrest of the Claimant),

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO:    **THE COMPTROLLER OF THE CITY OF NEW YORK,** THE CITY OF NEW
        YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER
        ARNOLD MURPHY (A Member of the New York City Police Department, Shield No.
        29794 of the 77th Precinct), JOHN DOES Nos. "1" to "10" (Actual Names Unknown,
        intended to be the Police Officers Assigned to the 77th Precinct on March 6, 2009 Who
        Were Engaged in the Arrest of the Claimant):

**PLEASE TAKE NOTICE,**

    **THAT,** the undersigned Claimant, JEAN PIERRE PAUL hereby makes claim against:

    THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
    POLICE OFFICER ARNOLD MURPHY (A Member of the New York City Police
    Department, Shield No. 29794 of the 77th Precinct), JOHN DOES Nos. "1" to "10"
    (Actual Names Unknown, intended to be the Police Officers Assigned to the 77th Precinct
    on March 6, 2009 Who Were Engaged in the Arrest of the Claimant),

1.    **Name and post-office address of the claimants and their attorneys are as follows:**

    JEAN PIERRE PAUL
    353 Kingsboro Avenue - Apt. 4A
    Brooklyn, New York 11233

2.    **Nature of the Claim:**

    Claim for personal injuries sustained by the Claimant, JEAN PIERRE PAUL arising on
    March 6, 2009 at approximately 12:15 a.m. as a result of Respondents wrongful conduct,